## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |
|---|---|
| In re:<br><br>MONTREAL MAINE & ATLANTIC RAILWAY, LTD.<br><br>            Debtor. | Case No.   1:13-mc-00184-NT<br>                1:14-cv-00113-NT<br><br>Chapter 11 |

### NOTICE OF PLAINTIFFS ANNICK ROY (o/b/o JEAN-GUY VEILLEUX), MARIE-JOSEE GRIMARD (o/b/o HENRIETTE LATULIPPE) TERMINATING STAY

1.      Pursuant to paragraph 6 (iii) of this Court's March 23, 2015 Agreed Order Amending And Restating Consent Order Staying Proceedings Pending Appeal In 1:13-Mc-00184-NT [Docket No. 277] ("Agreed Stay Order"), plaintiffs Annick Roy (o/b/o Jean-Guy Veilleux), Marie-Josee Grimard (o/b/o Henriette Latulippe) hereby provide notice that the stay imposed by the Agreed Stay Order shall terminate 30 days after this notice is filed on the Court's docket.

2.      Plaintiffs are terminating the stay in order to file new cases against all parties plaintiffs believe are responsible for wrongful death that occurred due to the Derailment.[1] HOWEVER, the termination of the stay under the Agreed Stay Order and the commencement of new cases is intended to structure and enhance, rather than undermine, the efficacy of the proposed settlements with the Settling Defendants.  Accordingly, subject to agreement of the Settling Defendants, plaintiffs are prepared to stay all such newly filed cases after filing and service of process, and continue the stay as to Transferred Cases, on the same terms and conditions as exist in the Agreed Stay Order (such additional stay, the "Proposed Stay").

---

[1] Unless otherwise indicated, capitalized terms shall have the meanings ascribed to them in the Agreed Stay Order.

3.      Plaintiffs are terminating the stay imposed by the Agreed Stay Order, subject to agreement with regard to the Proposed Stay, largely for two reasons.  First, certain statutes of limitation may expire on or about July 6, 2015, which is the two year anniversary of the Derailment.  Victims of the Derailment who are not plaintiffs in the Transferred Cases, and who have retained counsel for the plaintiffs in the transferred cases, are at risk of losing valid claims if new cases are not asserted against all defendants (including the Settling Defendants) prior to the potential expiration of applicable statutes of limitation.[2]  Plaintiffs are terminating the stay, subject to the Proposed Stay, to ensure all plaintiffs' claims against all defendants are filed timely.

4.      Second, as contemplated in section 10.7 of the Trustee's Plan of Liquidation ("Plan"), plaintiffs anticipate that upon consummation of the Plan, among other things, the Transferred Cases will be remanded to Cook County Superior Court and proceed against the non-settling defendants, and the plaintiffs and the Settling Defendants will be beneficiaries of a "good faith finding" under the Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/1 *et seq.*  ("Act").  The Act (740 Ill. Comp. Stat. 100/2(d)) provides that "tortfeasors who settle claims with the plaintiffs are 'discharged from any liability for any contribution to any tortfeasor.'"  *Will v. NW. Univ. (In re Nutraquest, Inc.),* 434 F.3d 639, 647-48 (3d Cir. 2006). "The policies promoted by the Act are twofold: it favors both settlement and the "equitable

---

[2] The Trustee advises that his settlement agreement with the Settling Defendants contain provisions that toll applicable statutes of limitation.  However, the Trustee contends that confidentiality provisions in the agreements prevent him from providing plaintiffs with signed copies of the agreements, so that the plaintiffs can review and analyze precisely which Settling Defendants have tolled which statutes of limitation.  Moreover, plaintiffs are not parties to any of the settlement agreements, and thus it is unclear to plaintiffs whether, as non-parties, they are protected by any of the alleged tolling provisions in the various settlement agreements.  Plaintiffs reserve all of their rights and remedies, including, without limitation, such right to enforce tolling provisions that may exist and be applicable in the Trustee's various settlement agreements with the Settling Defendants.  In light of the short time remaining until certain statutes of limitation may expire, however, plaintiffs believe new suits must be commenced to ensure timely filing of all causes of action against all defendants.

apportionment of damages among tortfeasors." *Id., quoting Bowers v. Murphy & Miller, Inc.,* 272 Ill. App. 3d 606, 650 N.E.2d 608, 611, 208 Ill. Dec. 914 (Ill. App. Ct. 1995).  The only statutory requirement (section 100/2(c)) for this discharge is that the release in the settlement be "given in good faith."  *Will v. NW. Univ. (In re Nutraquest, Inc.),* 434 F.3d at 648, *citing Johnson v. United Airlines,* 203 Ill. 2d 121, 784 N.E.2d 812, 818 (2003).

5.      Although the right of contribution arises in inchoate form at the time of the plaintiff's injury, the cause of action accrues for purposes of the statute of limitations when payment is made or suit is brought.  *Soo Line R.R. v. Tang Indus., Inc.*, 998 F. Supp. 889 (N.D. Ill. 1998).  Thus, with respect to new suits, the cause of action of non-settling defendants against the Settling Defendants for contribution will accrue when those new suits are brought.  To ensure wrongful death causes of action that give rise to potential contribution claims are not barred by the statute of limitations, and thus arguably not settled for purposes of the Act, victims who have not yet filed suit must file suit forthwith against all defendants to ensure the efficacy of the good faith finding, with respect to every claim of every plaintiff against every Settling Defendant.

6.      The filing of this Notice in any case plaintiffs assert has been dismissed is not intended to and shall not in any way impair the efficacy of the previously filed notices of dismissal in such case.  This notice is without prejudice to, and the filing of this notice will not prejudice the rights of plaintiffs with respect to, the contention that some of the Transferred Actions were voluntarily dismissed by the plaintiffs pursuant to Fed. R. Civ. P. 41(a).  All such rights are hereby preserved.  Plaintiffs reserve all of their rights, claims and remedies, including, without limitation, with respect to the cases that have been dismissed on account of previously filed notices of dismissal.

Dated:  May 7, 2015                                    Respectfully submitted,

ANNICK ROY (O/B/O JEAN-GUY
VEILLEUX) AND MARIE-JOSEE
GRIMARD (O/B/O HENRIETTE
LATULIPPE)

By their attorneys,


/s/ Jeffrey D. Sternklar
Jeffrey D. Sternklar
Jeffrey D. Sternklar LLC
225 Franklin Street, 26th Floor
Boston, MA  02110
617-396-4515 (telephone)
617-507-6530 (facsimile)
jeffrey@sternklarlaw.com


/s/ George W. Kurr, Jr., Esq.
Gross, Minsky & Mogul, P.A.
23 Water Street – P.O. Box 917
Bangor, ME 04402-0917
207-942-4644


## CERTIFICATE OF SERVICE

I, George W. Kurr, Jr., Esquire, of the firm Gross, Minsky & Mogul, P.A., attorneys for the Estates of Marie Semie Alliance, et al, Wrongful Death Claimants hereby certify that on May 7, 2015,  I electronically filed **NOTICE OF PLAINTIFFS ANNICK ROY (o/b/o JEAN-GUY VEILLEUX), MARIE-JOSEE GRIMARD (o/b/o HENRIETTE LATULIPPE) TERMINATING STAY** with the Court via the CM/ECF electronic filing system which will send notification of such filing to the attorneys/parties of record who have registered as CM/ECF participants.


/s/ George W. Kurr, Jr., Esq.
George W. Kurr, Jr., Esq.